1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEVONTE B. HARRIS,                        No.  1:22-cv-00204-ADA-HBK (PC)

12                    Plaintiff,

13          v.                                  ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND DENYING
14    E. SILVA, et al.,                         PLAINTIFF'S MOTION FOR
                                                PRELIMINARY INJUNCTION
15                    Defendants.
                                                (ECF Nos. 24, 28)
16

17          Plaintiff Devonte Harris is a state prisoner proceeding pro se in this civil rights action

18   filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

19   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 28, 2023, the Magistrate Judge issued findings and recommendations,

21   recommending that the Court deny Plaintiff's second motion for a preliminary injunction.  (ECF

22   No. 28.)  Plaintiff filed objections on April 25, 2023.  (ECF No. 32.)  The Magistrate Judge

23   subsequently issued findings and recommendations, recommending that the Court dismiss

24   Plaintiff's complaint for failure to state a cognizable claim.  (ECF No. 33.)  Plaintiff filed

25   objections on May 26, 2023.  (ECF No. 34.)  Because both findings and recommendations

26   address substantially similar issues, and because the Court's assessment of the recommendation to

27   dismiss the complaint will necessarily determine the result of Plaintiff's motion for a preliminary

28   injunction, the Court will address both findings and recommendations in a single order.

                                                1

In his objections, Plaintiff argues that the Magistrate Judge's conclusion that Plaintiff has failed to state a First Amendment retaliation claim is inconsistent with a prior ruling. (ECF No. 32 at 2; ECF No. 34 at 3–4.) The comment at issue – that Plaintiff's complaint "appears to state" a cognizable claim – appeared in an order recommending denial of Plaintiff's first motion for a preliminary injunction. (ECF No. 10 at 6.) The language that the Magistrate Judge used was hardly a conclusive endorsement of the validity of Plaintiff's retaliation claim. As the Court reads that order, the Magistrate Judge essentially assumed that Plaintiff had stated a retaliation claim for the purpose of ruling on the motion. (*See id.*) Even assuming Plaintiff had stated a cognizable claim, he had failed to allege imminent harm, rendering a preliminary injunction inappropriate under the circumstances. (*Id.* at 6–7.)

The Court recognizes why the Magistrate Judge's comment may have been confusing – it conflated the standard for pleading a cause of action with that for succeeding on a motion for preliminary injunction. These standards are distinct, and a Plaintiff's ability merely to state a cognizable claim is not sufficient to meet the burden of demonstrating a likelihood of success on the merits for purposes of a preliminary injunction. *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 361 n.11 (3d Cir. 2016). Nevertheless, the Magistrate Judge has determined in two subsequent – and thoroughly reasoned – orders that Plaintiff's allegations fail to state a First Amendment retaliation claim. (*See* ECF No. 27 at 6–8; ECF No. 33 at 5–6; *see also Harris v. Munoz*, No. 1:21-cv-01372-JLT-HBK, ECF No. 24 at 9–10 (recommending dismissal of an identical retaliation claim for failure to state a cognizable claim).) In any event, any inconsistency in the Magistrate Judge's prior rulings is not dispositive because this Court reviews findings and recommendations under a de novo standard. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court agrees with the Magistrate Judge's most recent analysis that Plaintiff has failed to state a First Amendment retaliation claim. Plaintiff's arguments to the contrary are unavailing, as discussed below.

Plaintiff first argues that the timing of his transfer – that it occurred shortly after he filed a grievance explicitly requesting that he not be transferred and after his interview with an Internal Affairs officer about the grievance – is evidence of retaliation. (ECF No. 34 at 6–7, 8–9.) It is

1    true that courts may consider timing as circumstantial evidence of retaliatory intent.  *Pratt v.*

2    *Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).  Timing alone, however, is not sufficient to state a

3    claim.  *See id.* (declining to find retaliatory intent where, apart from timing, "there is little else to

4    support the inference").  As the Magistrate Judge recognized, Plaintiff bases his inference entirely

5    on the fact that the transfer decision occurred after the filing of his grievance.  Plaintiff may find

6    this timing suspicious, but it is not sufficient to make out a retaliation claim.  Permitting an

7    inference of retaliation based solely on timing would be particularly unwarranted in the prison

8    context because both the Supreme Court and Ninth Circuit have held that courts "should 'afford

9    appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate

10   penological reasons for conduct alleged to be retaliatory."  *Pratt*, 65 F.3d at 807 (quoting *Sandin*

11   *v. Conner*, 515 U.S. 472, 482 (1995)).

12          Plaintiff also contends that his allegations that Defendants consciously disregarded certain

13   regulations prior to initiating his transfer to another prison supports his retaliation claim.  (ECF

14   No. 34 at 11–20; ECF No. 32 at 5–7.)  The text of the regulations to which Plaintiff cites,

15   however, belies his interpretation.  For example, Plaintiff argues that California Code of

16   Regulations, Title 15, section 3341.5(a)(1) permitted Defendants to suspend Plaintiff's segregated

17   housing term only when he "posed no threat to others."  (ECF No. 34 at 12–13; ECF No. 32 at 4.)

18   The text of the regulation, however, states that the Institution Classification Committee "may

19   commute or suspend any portion of a Determinate SHU term."  Cal. Code Regs., tit. 15, §

20   3341.5(a)(1).  While a finding that "an inmate no longer poses a threat to the safety of any person

21   or the security of the institution" may support the suspension of a determinate SHU term, *id.*, the

22   text of the regulation does not make this finding a necessary precondition to such a suspension.

23   Similarly, Plaintiff claims that Defendants were not permitted to transfer him until the conclusion

24   of disciplinary proceedings relating to two Rules Violation Reports.  (ECF No. 34 at 12; ECF No.

25   32 at 4 (citing Cal. Code Regs., tit. 15, § 3320.1(a).)  Plaintiff also explains, however, that he

26   himself sought the delay in disciplinary proceedings.  (ECF No. 32 at 4.)  Based on the above,

27   Plaintiff has not convinced the Court that Defendants' purported violations of prison regulations

28   evinced a retaliatory motive sufficient to state a First Amendment retaliation claim.  Rather, the

Court agrees with the Magistrate Judge that the exhibits attached to Plaintiff's complaint support a finding that Plaintiff's transfer recommendation was based on legitimate correctional objective.

Finally, Plaintiff also objects to the Magistrate Judge's conclusion that he has failed to state an Eighth Amendment failure to protect claim.  (ECF No. 34 at 20–25; ECF No. 32 at 9–12.)  As the Magistrate Judge concluded, however, the evidence in the record demonstrates that prison officials have taken steps to protect Plaintiff from harm.  (ECF No. 28 at 9–10.)  Plaintiff has failed to demonstrate that he will not receive adequate protections following a transfer to another facility.  (*See id.* ("It also tends to suggest that transferring Plaintiff from CSP Corcoran – where he is known to have committed sexual misconduct – would actually *lessen* his risk of physical harm.").)  Similarly, Plaintiff's objections to the Magistrate Judge's findings regarding the imminence of future harm fail to rebut the Magistrate Judge's conclusion that such harm is, at this point, entirely speculative.  (*Id.* at 10; ECF No. 33 at 9–10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

///

///

///

///

///

///

///

///

///

///

///

///

Accordingly,

1.    The findings and recommendations issued on March 28, 2023, (ECF No. 28), are adopted in full;

2.    Plaintiff's motion for a preliminary injunction, (ECF No. 24), is denied.

3.    The findings and recommendations issued on May 4, 2023, (ECF No. 33), are adopted in full;

4.    Plaintiff's complaint is dismissed for failure to state a cognizable claim; and

5.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 25, 2023

_____
UNITED STATES DISTRICT JUDGE